IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL NIETO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 16−cv−0761−MJR |
| | ) |
| S.A. GODINEZ, | ) |
| JASON HART, | ) |
| ROBERT HUGHES, | ) |
| LINDA CARTER, | ) |
| K. BUTLER, | ) |
| BILLIE GREEN, | ) |
| RICHARD RONSOM, | ) |
| JOHN DOE, AND | ) |
| JANE DOE | ) |
| | |
|     Defendants. | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Michael Nieto, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, for actions that occurred at Menard Correctional Center. Plaintiff requests punitive, compensatory, and injunctive relief. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>    (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>       (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>       (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that the complaint fails to state a constitutional claim upon which relief may be granted, and shall be dismissed without prejudice. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to present any factual allegations that may exist to support a claim for retaliation and/or due process violations. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and

the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review pursuant to § 1915A.

## The Complaint

On July 30, 2013, Ronsom was listed as a witness in a disciplinary report that Plaintiff received for fighting. (Doc. 1, p. 5). On February 15, 2014, Ronsom fabricated another disciplinary report against Plaintiff, claiming that he found two homemade weapons in Plaintiff's cell. (Doc. 1, p. 5). Ronsom's report listed no witnesses, included no shakedown slips, and did not specify what happened to the weapons. (Doc. 1, p. 6).

Plaintiff appeared before the adjustment committee on February 20, 2014 and requested a polygraph test. (Doc. 1, p. 6). Hart and Hughes denied Plaintiff's request for a polygraph test and instead accepted Ronsom's report as written. (Doc. 1, p. 6). Plaintiff was sentenced to segregation. (Doc. 1, p. 7). Hart and Hughes never reviewed a shakedown slip or viewed the actual weapons at issue. (Doc. 1, p. 7). Harrington, the warden, approved the adjustment committee's findings on February 21, 2014. (Doc. 1, p. 7).

Plaintiff grieved this issue on March 12, 2014. (Doc. 1, p. 7). Carter denied the grievance on April 14, 2014. (Doc. 1, p. 8). Butler, who was the warden by that time, concurred in the denial on April 21, 2014. (Doc. 1, p. 8). Green and Godinez ultimately denied the grievance at the Administrative Review Board level. (Doc. 1, p. 8).

Plaintiff also alleges that the unknown unit lieutenant had a duty to shake down the cell prior to Plaintiff's placement there to be sure that no contraband was left by the previous occupant. (Doc. 1, p. 9).

## Discussion

Plaintiff has divided his Complaint into two counts, a designation which the Court will adopt. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 – Defendant Ronsom retaliated against Plaintiff due to his participation in a security threat group ("STG") in violation of the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.**

**Count 2 – Defendants conspired to fabricate a disciplinary report and deny Plaintiff his due process rights in violation of the Fifth, Eighth, and Fourteenth Amendments.**

Neither claim survives threshold review. As to Plaintiff's **Count 1**, in order to state a claim for First Amendment retaliation, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead

facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.*

In order to determine whether speech constitutes protected First Amendment Activity, the Court employs the *Turner* test. In *Turner v. Safley*, the Supreme Court articulated the penological interest test: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). The question is whether the speech at issue is consistent with legitimate penological objectives. *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009).

Here, Plaintiff's statement of the claim says that Defendants are retaliating against him due to his STG participation. He further points to an earlier disciplinary ticket that he received from Ronsom that he believes is the basis of the retaliation. But participation in a STG is not protected speech. STGs are an anathema to proper prison regulations. They are a source of violence, contraband, and disruption. Plaintiff has no First Amendment right to participate in one. To the extent that Plaintiff is arguing that he is being retaliated against because he was previously issued a disciplinary report for fighting, Plaintiff also has no First Amendment right in fighting. Fighting is also antithetical to legitimate penological interests. A First Amendment retaliation claim looks at Plaintiff's conduct, not Ronsom's; it is not relevant that Ronsom may have

written Plaintiff a prior disciplinary report if Plaintiff cannot point to some measure of his own conduct that Ronsom is targeting.

Plaintiff has also invoked other Amendments in connection with Count 1, a practice that has previously drawn the Seventh Circuit's disapproval. *See, e.g., Stanard v. Nygren,* 658 F.3d 792, 800 (7th Cir.2011) (criticizing a similar § 1983 count that alleged "in a wholly conclusory fashion that the defendants had violated [the plaintiff's] First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights" without specifying the basis for the alleged violation of each amendment). Plaintiff has not identified any conduct that could be the basis of retaliation under the Fifth Amendment, which generally protects citizens against incriminating themselves. If Plaintiff wishes to bring a claim based on Fifth Amendment retaliation, he must file a complaint explaining what conduct protected by the Fifth Amendment he engaged in to draw the retaliation.

As to the Eighth Amendment, there is no cause of action for Eighth Amendment retaliation per se, although an inmate may bring claims based, for example, on excessive force or unconstitutional conditions of confinement, among other claims. Plaintiff's facts do not support any kind of Eight Amendment claim at this time. For all of the above reasons, **Count 1** is dismissed without prejudice.

In **Count 2**, Plaintiff alleges that Defendants conspired to violate his due process rights when Defendants failed to search his cell prior to placing Plaintiff there, failed to require a shakedown slip for the confiscated weapons, failed to enter the weapons themselves into evidence, and failed to permit him to take a polygraph test. None of

the conduct Plaintiff complains of could support a due process claim, and Plaintiff has not adequately pleaded a conspiracy claim.

"To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). The fact that all of the Defendants participated in the prison's disciplinary procedures and grievances processes, standing alone, does not establish a conspiracy. Plaintiff has not alleged that any of the Defendants acted in agreement with each other. The Seventh Circuit has also stated that conspiracy claims are superfluous in § 1983 suits where all Defendants are state actors. *See Turley v. Rednour*, 729 F.3d 645, 649 n. 2 (7th Cir. 2013) (citing *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) (finding that the function of a § 1985 conspiracy claim is to "permit recovery from a private actor who has conspired with state actors" and without private actors, the conspiracy claim adds only "needless complexity.")).

As to Plaintiff's claim that an unknown Jane or John Doe Defendant must have failed to adequately search his cell before placing him there, this allegation does not state a claim upon which relief could be granted. At most, it states a claim for negligence, which is not recognizable under § 1983. To the extent that Plaintiff may be trying to bring a due process claim based on the alleged failure to find the weapons before placing Plaintiff in the cell, the claim fails because the Court presumes that the disciplinary hearing itself protects Plaintiff's due process rights. *See McKinney v. Meese*,

831 F.2d 728, 733 (7th Cir. 1987) (finding that procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials).

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Here none of the conduct that Plaintiff complains about is protected by *Wolff*. Prison disciplinary proceedings are not held to the same standard as criminal trials. *Lenea v. Lane*, 882 F.2d 1171, 1173–74 (7th Cir. 1989) ("It is well-settled that prison disciplinary proceedings 'are sui generis, governed by neither the evidentiary rules of a civil trial, a criminal trial, nor an administrative hearing.' . . . For that reason we do not

'automatically apply procedural rules designed for free citizens in an open society . . . to the very different situation presented by a disciplinary proceeding in a state prison.'") (internal citations omitted). There is no established right to a polygraph test or to see the physical evidence. To the extent that Plaintiff argues that he should have received a shakedown slip, that is a right established by the Illinois Administrative Code, not the Constitution. The violation of a prison rule, by itself, does not give rise to a constitutional claim. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Plaintiff is not legally due any of the process that he claims he should have gotten.

Additionally, when a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Id.* (citing *Lekas v. Briley*, 405 F.3d 602, 608-09, n. 4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest."));

*Crowder v. True*, 74 F.3d 812, 815 (7th Cir. 1996).  This is because discretionary, or administrative, segregation is not considered "atypical," but rather an "ordinary incident of prison life" that prisoners should anticipate during their time in prison. *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).

"[I]f the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh," then some process is needed. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009).  The Seventh Circuit has clarified that a court must consider the length of segregated confinement together with all of the conditions of that confinement in determining whether a liberty interest is implicated; it is an error to only consider terms of longer than six months, and conditions should not be considered in isolation from one another.  *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

Plaintiff's allegations do not establish that he was deprived of a liberty interest. He has not stated how long he was confined in segregation, and he has not described any conditions there that would make it plausible that he was subject to unconstitutional conditions of confinement.  As Plaintiff has not alleged that he was deprived of a liberty interest or pleaded facts that would make it plausible that he was denied due process, Plaintiff's claims related to his due process hearing will be dismissed without prejudice.

Plaintiff also attempts to bring his due process claim against a number of individuals based on their participation in the grievance process.  Prison grievance

Page **10** of **13**

procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In the deliberate indifference context, the Seventh Circuit has recently clarified in that grievances may provide sufficient proof that a defendant both knew of a serious condition and approved, condoned, or turned a blind eye to a failure to address it. *Perez v. Fenoglio* 792 F.3d 768, 781-82 (7th Cir. 2015). But the grievance process standing alone does give rise to a constitutional violation.

Plaintiff has alleged that Carter, Butler, Green, and Godinez are liable because they denied his appeal of the adjustment committee's findings. The Seventh Circuit has only found that the grievance process can show the requisite state of mind in a deliberate indifference claim. Deliberate indifference is not part of a due process claim, so this case is distinguishable from *Perez*. Additionally, as previously discussed, none of Plaintiff's issues with his disciplinary hearing implicate the due process protections articulated in *Wolff*. As there is no underlying constitutional violation, the grievance defendants cannot be held liable for failure to intervene in it. Therefore **Count 2** will be dismissed **with prejudice** as to Defendants Carter, Butler, Green and Godinez.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** fail to state a claim upon which relief may be granted.  **Count 1** is **dismissed without prejudice**.  **Count 2** is **dismissed without prejudice** as to Defendants Hart, Hughes, and Harrington.  Defendants John Doe, Jane Doe, Carter, Butler, Green, and Godinez are **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support a retaliation and/or due process claim claim and naming the individual Defendants directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (on or before October 5, 2016).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for

sanctions, including dismissal and possible criminal prosecution for perjury.  *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: August 31, 2016**

s/ MICHAEL J. REAGAN  
Chief Judge  
United States District Court